IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| PROMENS USA, INC. and BONAR PLASTICS, INC. | ) ) ) | COMPLAINT |
| | ) | JURY TRIAL DEMAND |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a class of employees who were adversely affected by such practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission" or

1

"EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Promens USA, Inc. (hereinafter, "Promens") has continuously been and is now doing business in the State of Illinois and the City of West Chicago, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Bonar Plastics, Inc. (hereinafter, "Bonar Plastics") has continuously been doing business in the State of Illinois and the City of West Chicago, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Promens has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h). At all relevant times, Promens was the employer of and had supervisory control of all individuals employed at its West Chicago facility.

7. At all relevant times, Bonar Plastics has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h). At all relevant times, Bonar was the employer of and had supervisory control of all individuals employed at its West Chicago facility.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin filed charges with the EEOC alleging violations of Title VII by Bonar Plastics, which was purchased by Promens. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least 2006, Defendants have engaged in unlawful employment practices at

their facility in West Chicago, Illinois, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include, but are not limited to, the following:

> A. Subjecting Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of female employees to harassment because of their sex, female.
>
> B. Retaliating against Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of employees by terminating their employment after they engaged in protected activity. Such protected activity includes, but is not limited to, the following: 1) rejecting the *quid pro quo* sexual advances of a male supervisor; and/or 2) reporting sexual harassment.
>
> C. Segregating employees by sex. Specifically, Defendants assigning female employees into positions with lower pay and/or less opportunity for advancement than the positions given to male employees.
>
> D. Subjecting a class of female employees to different terms and conditions of employment because of their sex by assigning them positions with lower pay and/or less opportunity for advancement than the positions given to male employees.

10. The effect of the practices complained of in paragraph nine (9) above has been to deprive Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

11. The unlawful employment practices complained of in paragraph nine (9) were and are intentional.

12. The unlawful employment practices complained of in paragraph nine (9) above were

and are done with malice or with reckless indifference to the federally protected rights of a class of employees.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Promens, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B.    Grant a permanent injunction enjoining Defendant Bonar Plastics, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

C.    Order Defendant Promens to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

D.    Order Defendant Bonar Plastics to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

E.    Order Defendant Promens to make whole Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of employees who were retaliated against by being terminated by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

F.    Order Defendant Bonar Plastics to make whole Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of employees who were retaliated against by

being terminated by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

  G. Order Defendant Promens to make whole Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

  H. Order Defendant Bonar Plastics to make whole Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

  I. Order Defendant Promens to make whole Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of female employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

  J. Order Defendant Bonar Plastics to make whole Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of female employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

  K. Order Defendant Promens to make whole a class of female employees who were placed into positions with lower pay and/or less opportunity for advancement by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

L. Order Defendant Bonar Plastics to make whole a class of female employees who were placed into positions with lower pay and/or less opportunity for advancement by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

M. Order Defendant Promens to pay Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of female employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

N. Order Defendant Bonar Plastics to pay Amadaid Torres, Araceli Posadas, Guadalupe Maldonado, and Jazmin Marin and a class of female employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

O. Grant such further relief as the Court deems necessary and proper in the public interest; and

P. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, N.W.

    Washington, D.C. 20507


    /s/ John C. Hendrickson
    John C. Hendrickson
    Regional Attorney

    /s/ Diane I. Smason
    Diane I. Smason
    Supervisory Trial Attorney


    /s/ Aaron R. DeCamp
    Aaron R. DeCamp
    Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
    500 West Madison Street, Suite 2000
    Chicago, Illinois 60661
    (312) 353-7582