IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PROMENS USA, INC. and BONAR PLASTICS, INC.<br><br>Defendants. | Case No. 10 C 6232<br><br>Judge Edmond E. Chang<br>Magistrate Judge Morton Denlow |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), filed this action alleging that Promens USA, Inc. and Bonar Plastics, Inc. ("Defendants") engaged in unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), when it (a) subjected a class of female employees to a hostile work environment where they were sexually harassed; (b) retaliated against a class of female employees who rejected *quid pro quo* sexual advances and/or engaged in other protected activity; (c) segregated female employees into positions with lower pay and/or fewer opportunities for advancement than the positions given to male employees; and (d) subjected a class of female employees to different terms and conditions of employment because of their sex. Defendants filed an Answer denying the EEOC's allegations.

1

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by entry of this Consent Decree ("Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of the EEOC's Complaint and shall be binding on the EEOC and Defendants; on Defendants' directors, officers, employees, successors, and assigns; and on all persons in active concert or participation with Defendants' directors, officers, employees, successors, and assigns. The EEOC shall seek no further relief regarding any of the claims raised in its Complaint.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction over the parties and the subject matter of this action.

   b. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

   c. The terms of this Decree are adequate, fair, reasonable, equitable, and just.

   d. This Decree adequately protects the rights of the EEOC, Defendants, the Charging Parties, class members, and the public interest.

   e. The Illinois Secretary of State maintains records for Defendant Bonar Plastics, Inc. under File No. 52271231.

   f. Defendant Promens USA, Inc. purchased Defendant Bonar Plastics, Inc. in September 2005.

   g. Defendant Bonar Plastics, Inc. ceased operation of the West Chicago facility when Defendant Promens USA, Inc. purchased Defendant Bonar Plastics, Inc. in September 2005.

   h. Defendant Bonar Plastics, Inc. did not operate the West Chicago facility at any time during this litigation.

    i. Defendant Promens USA, Inc. operated the facility located at 1005 Atlantic Drive in West Chicago, Illinois ("West Chicago facility") from September 2005 until October 2010.

    j. Defendant Promens USA, Inc. sold the West Chicago facility to Snyder Industries, Inc. on or about October 13, 2010.

    k. An entity known as Bonar Plastics, Inc. was incorporated in the State of Illinois on October 6, 2010; this entity was not a Defendant in this litigation.

    l. Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Parties, class members, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

### MONETARY RELIEF

5. Subject to the terms and conditions of this Decree, Defendants shall make payments ("Payments") to the Charging Parties and class members in the following amounts:

| | |
|---|---|
| Charging Party Torres | $60,000.00 |
| Charging Party Marin | $50,000.00 |
| Charging Party Maldonado | $45,000.00 |
| Class Member Correa | $30,000.00 |
| Class Member Ceballos | $25,000.00 |
| Class Member Chairez | $15,000.00 |

All monetary awards shall be allocated one hundred (100) percent to compensatory damages. Forty (40) percent of each monetary award represents compensatory damages for the EEOC's sex segregation claim in this lawsuit; the remaining sixty (60) percent of each monetary award represents compensatory damages for the other allegations in EEOC's Complaint. Promens USA, Inc. shall issue an IRS Form 1099 to each Charging Party or class member in connection with her monetary award. Each Charging Party or class member shall bear full responsibility for any tax implications to her resulting from receipt of the monetary award.

6. After this Decree is entered, no later than thirty (30) days after receipt by Promens USA, Inc. of (a) the Charging Party or class member's Taxpayer Identification Number as defined by

the Internal Revenue Service, (b) a mailing address, and (c) a Release Agreement (in the form set forth in Exhibit A) executed by the Charging Party or class member; Promens USA, Inc. shall issue and mail to the Charging Party or class member, by certified mail, a check for damages in the amounts specified in Paragraph No. 5, above. Contemporaneously, Promens USA, Inc. shall submit copies of the checks referenced above to the EEOC. If any portion of the Payments is not issued and mailed within thirty (30) days ("unpaid amount"), then, for each business day beyond the thirtieth day that such portion remains unpaid, Promens USA, Inc. shall additionally pay to the Charging Party or class member, in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the unpaid amount.

7. In the event that checks are returned, Promens USA, Inc. shall contact the EEOC and attempt redelivery at an address provided by the EEOC. If Promens USA, Inc. is not able to deliver a check to a Charging Party or class member after reasonable efforts (or a Charging Party or class member refuses to execute a Release Agreement), any unallocated sums will become part of a *cy pres* fund to be distributed to CHS District 94 Education Foundation.

## NON-RETALIATION

8. Promens USA, Inc. and its current or future officers, agents, employees, successors, assigns, and all persons acting in concert with them shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

**********

## REACQUISITION OF WEST CHICAGO FACILITY

9. In the event that Promens USA, Inc., its parent company, or one of its affiliates or subsidiaries reacquires the facility located at 1005 Atlantic Drive in West Chicago, IL 60185 at any time within three (3) years from the date of entry of this Decree, Promens USA, Inc. shall immediately contact the EEOC at the address indicated below and be bound for a period of two (2) years from the date of reacquisition to adhere to Paragraphs 10-20 below:

## INJUNCTION AGAINST EMPLOYMENT DISCRIMINATION

10. Promens USA, Inc. and its officers, agents, management employees (including supervisory employees), successors, and assigns are hereby enjoined from engaging in any form of employment discrimination prohibited by Title VII, including but not limited to: (a) subjecting any employee to a hostile work environment because of his/her sex; (b) retaliating against any employee because he/she engaged in statutorily protected activity or taking any action against an employee that is intended to prevent or deter him/her from engaging in statutorily protected activity; and (c) segregating employees into different job assignments based on their sex.

## TRAINING

11. No later than ninety (90) calendar days after reacquisition of the West Chicago facility, all employees in Promens USA, Inc.'s human resources department and all employees with supervisory responsibilities at the West Chicago facility shall participate in a training session conducted by an attorney from Burke, Warren, MacKay & Serritella, P.C. or a trainer approved by the EEOC pursuant to Paragraph No. 12, below. Each training session shall address employment discrimination laws, including the obligations of employers and employment agencies, with an emphasis on Title VII's prohibitions against sex discrimination and retaliation.

A registry of attendance shall be maintained for each training session. Promens USA, Inc. shall pay all costs associated with each training session.

12. In the event Promens USA, Inc. chooses not to employ Burke, Warren, MacKay & Serritella, P.C. for the required training, Promens USA, Inc. shall obtain the EEOC's approval of its proposed trainer prior to the commencement of the training session described in Paragraph No. 11, above. EEOC shall not unreasonably withhold its approval. Promens USA, Inc. shall submit the name, address, telephone number, resume, and training proposal of each proposed trainer (including a summary of the proposed content to be presented) to the EEOC at least twenty (20) business days prior to the proposed date of the training session. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot agree on a trainer through this process, either party may seek the Court's assistance under Paragraph No. 21, below.

13. Promens USA, Inc. shall certify to the EEOC in writing no later than five (5) business days after the training session described in Paragraph No. 11, above, that the required training has taken place and that the required personnel have attended. The certification of training described in this Paragraph shall include: (i) the date, location, and duration of the training; (ii) a copy of the registry of attendance, which shall include the name and position of each person trained; and (iii) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending the training session.

## POSTING OF NOTICE

14. Within ten (10) business days after reacquiring the West Chicago facility, Promens USA, Inc. shall post a same-sized copy of the Notice attached as Exhibit B to this Decree at the facility in a conspicuous location easily accessible to and commonly frequented by employees and

applicants for employment. This Notice shall remain posted for two (2) years from the date Promens USA, Inc. reacquires the West Chicago facility. Promens USA, Inc. shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Promens USA, Inc. shall also distribute a copy of the Notice to all persons employed at the West Chicago facility within thirty (30) days after reacquiring the facility. Promens USA, Inc. shall certify to the EEOC in writing within ten (10) business days after reacquiring the West Chicago facility that the Notice has been properly posted and distributed. Promens USA, Inc. shall permit a representative of the EEOC to enter the West Chicago facility for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

15. For a period of two (2) years following reacquisition of the West Chicago facility, Promens USA, Inc. shall maintain and make available for inspection and copying by the EEOC records (including but not limited to name, age, social security number, address, telephone number, and disposition of complaint) of each employee who complains of sexual harassment, sex discrimination, or any other violation of Title VII.

16. Promens USA, Inc. shall make all documents or records referred to in Paragraph No. 15, above, available for inspection and copying within five (5) business days after the EEOC so requests. In addition, Promens USA, Inc. shall make available all persons within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the EEOC to enter the West Chicago facility for such purposes on five (5) business days advance notice by the EEOC.

17. Nothing contained in this Decree shall be construed to limit any obligation Promens USA, Inc. may otherwise have to maintain records under Title VII or any other law or regulation.

## REPORTING

18. Promens USA, Inc. shall furnish to the EEOC the following written reports semi-annually for a period of two (2) years following reacquisition of the West Chicago facility. The first report shall be due six (6) months after reacquisition. The final report shall be due twenty-three (23) months after reacquisition. Each such report shall contain:

    a. A description of each complaint of sex harassment, sex discrimination, or any other violation of Title VII made during the six (6) month period preceding the report; action(s) taken by Promens USA, Inc. in response to each complaint; and the disposition or resolution of each complaint.

    b. A certification by Promens USA, Inc. that the Notice required to be posted in Paragraph No. 14 above, remained posted during the entire six (6) month period preceding the report.

## DISTRIBUTION AND POSTING OF POLICY AGAINST DISCRIMINATION

19. Within thirty (30) days of reacquisition, Promens USA, Inc. shall distribute a copy of its policy against discrimination and harassment to all employees at the West Chicago facility—including temporary or leased employees—in English and Spanish. The policy must describe the complaint procedures available to an employee who is being discriminated against or harassed, including how to complain in the event that a supervisor is engaging in discrimination or harassment. Promens USA, Inc. must explain this policy during an orientation or training session within five (5) days of the employee's start date. Only after the training or orientation

8

session referenced above may Promens USA, Inc. attempt to secure a signed policy acknowledgement form from any temporary or leased employee.

20. Within ten (10) business days after reacquiring the West Chicago facility, Promens USA, Inc. shall post a copy of its policy against discrimination and harassment in a conspicuous location easily accessible to and commonly frequented by employees and applicants for employment. The policy must be posted in English and Spanish. Promens USA, Inc. shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

***********

## DISPUTE RESOLUTION

21. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## TERM OF THE DECREE AND RETENTION OF JURISDICTION

22. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, before the end of the three (3) year period Promens USA, Inc. has reacquired the West Chicago facility, this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately

following acquisition of the West Chicago facility, and provided that if at the end of the period this Decree is to be in effect, any dispute under Paragraph No. 21, above, remains unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

23. Each party to this Decree shall bear its own expenses, costs, and attorneys' fees.

24. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Promens USA, Inc.

25. When this Decree requires submissions by Promens USA, Inc. of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Promens/Bonar Settlement; 500 West Madison St., Suite 2000; Chicago, Illinois 60661. When this Decree requires submission by the EEOC of materials to Promens USA, Inc., they shall be mailed to: Burke, Warren, MacKay & Serritella, P.C., 330 N. Wabash Avenue, 22nd Floor, Chicago, Illinois 60611-3607, to the attention of Martin K. LaPointe.

SO ORDERED, ADJUDGED, and DECREED on this 28th day of July 2011.

By the Court:

_____
The Honorable Edmond E. Chang
United States District Court

Agreed to in form and content:

For the U.S. EQUAL EMPLOYMENT         For PROMENS USA, INC.
OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-___-____

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY M. GOCHANOUR
Supervisory Trial Attorney

_____
ETHAN M. M. COHEN
Trial Attorney

_____
GRAYSON S. WALKER
Trial Attorney

11

## EXHIBIT A

## RELEASE AGREEMENT

In consideration of _____ to be paid to me by Promens USA, Inc. in connection with the resolution of EEOC v. Promens USA, Inc. et al., No. 10 C 6232 (N.D. Ill.), I, on behalf of myself, my heirs, assigns, executors, and agents do hereby fully and forever release, waive, remise, acquit, and discharge Promens USA, Inc. and any and all past and present related entities, affiliates, subsidiaries, and parent companies and all of their current and former officers, directors, shareholders, partners, employees, attorneys, successors, assigns, insurers, guarantors, indemnitors, as well as its current agents, from any and all claims and causes of action which I now have or ever had under Title VII of the Civil Rights Act of 1964, as a result of or arising from the subject matter and claims which were asserted in EEOC v. Promens USA, Inc. et al., No. 10 C 6232 (N.D. Ill.).

Signature:_____  Date: _____

# EXHIBIT B

### NOTICE TO PROMENS USA, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by a federal court in the Northern District of Illinois resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Promens USA, Inc. and Bonar Plastics, Inc. *EEOC v. Promens USA, Inc. and Bonar Plastics, Inc.*, No. 10 C 6232 (N.D. Ill.)

In its suit, the EEOC alleged that Promens USA and Bonar Plastics were liable for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), including subjecting female employees to a hostile work environment where they were (a) sexually harassment, (b) retaliated against for rejecting sexual advances and/or engaging in protected activity, and/or (c) prohibited from working as machine operators.

To resolve this case, Promens USA, Inc. and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. Promens USA will make monetary payments to the individuals who were affected by the alleged violations of Title VII.

2. Promens USA will not retaliate against any person because he or she makes or files a complaint of discrimination, opposes any discriminatory practice prohibited by Title VII, participates in any Title VII proceeding, or asserts any rights under this Decree; and

3. Promens USA will train all employees in its Human Resources department and all supervisory employees at the West Chicago facility regarding employment discrimination laws against sex discrimination.

The EEOC is a federal agency that enforces the nation's laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment and pregnancy), religion, national origin, age, disability, and retaliation. Further information about the EEOC and these laws is available on the EEOC's website at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination, you may contact the EEOC by phone at 312-869-8000 or by TTY at 312-869-8001. The EEOC charges no fees.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This notice must remain posted for two years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Promens Consent Decree Compliance; Legal Unit; U.S. Equal Employment Opportunity Commission; 500 W. Madison St., Suite 2000; Chicago, IL 60661.**

_____　　　　　　　_____
　　　　　　Date　　　　　　　　　　　　　　　　The Honorable Edmond E. Chang
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court